# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 9901005150 |
| | ) | |
| MAURICE J. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 3, 2016
Decided: November 21, 2016

## ORDER SUMMARILY DISMISSING
## MOTION FOR POST-CONVICTION RELIEF

This 21st day of November, 2016, upon consideration of the Motion for Post-Conviction Relief filed by Maurice Williams, the record in this matter, and Superior Court Criminal Rule 61 ("Rule 61"), it appears to the Court that:

1. Williams seeks post-conviction relief for charges to which he pleaded guilty in April 1999. Williams argues that he illegally was sentenced in this case, a sentence later corrected by this Court, and that the Department of Correction ("DOC") improperly held him after the date he should have been released. While held by DOC at Level IV, improperly he contends, Williams absconded from the Level IV facility. He later was charged and convicted of Escape After Conviction. He also was sentenced for violating his probation in this case and was sentenced to two additional years at Level V for that violation.

2. Williams has a history of making frivolous filings in this Court, and

his current Motion is no exception. The Motion could be denied on any number of bases. So as not to waste any more resources on this case than already have been expended, the Court will choose just one: the Motion procedurally is barred under Rule 61(i). Under that Rule, a motion for post-conviction relief procedurally is barred if it is untimely or repetitive, among other reasons. Williams' Motion is both. The Motion was filed more than one year after the judgment of conviction was final. It also repeats issues that previously were adjudicated by this Court and the Delaware Supreme Court.[1]

3.     Williams has not pleaded with particularity either of the exceptions to the procedural bars. He has not alleged, either generally or particularly, that new evidence creates a strong inference of actual innocence or that a new rule of constitutional law, made retroactive on collateral review, renders the conviction invalid.[2]

The Motion for Post-Conviction Relief therefore is **SUMMARILY DISMISSED. IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:     Joseph S. Grubb, Esquire
        Maurice J. Williams, *pro se* (SBI No. 00218653)

---

[1] *See* D.I. 40, 53.
[2] Super. Ct. Crim. R. 61(i)(5); 61(d)(2).

2